## William Krahn v. Leroy Bickford.

### Gen. No. 4,463.

1. PROVINCE OF JURY—*what is.* It is the peculiar province of the jury who see the witnesses and hear their testimony, to determine which are the more worthy of credit.

2. CATTLE—*when unlawfully detained.* Cattle are unlawfully detained where it appears that the occupant of the land upon which they trespassed refuses on demand to deliver the same to the owner until paid one dollar per head for the damage claimed to have been committed, unless it further appears that the fence of the occupant of such land through which such cattle had broken was a lawful fence and in good repair.

3. INSTRUCTION—*when use of phrase, " a good and sufficient fence," not erroneous.* In an action for the unlawful detention of cattle, the use of the phrase, " a good and sufficient fence," in an instruction, is not erroneous, where another instruction correctly defined what was meant thereby.

4. FENCE—*when refusal of instruction pertaining to, not improper in an action for unlawful detention of cattle.* Held, in this case, that in view of other instructions given, that it was not error to refuse an instruction asked by the defendant to the effect that he was not bound to maintain such a fence as would turn extraordinarily breachy animals.

Action of replevin. Appeal from the Circuit Court of Henry County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed March 8, 1905.

CHARLES E. STURTZ, for appellant.

CHARLES K. LADD, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

In this action to recover nineteen head of cattle alleged to be owned by plaintiff and detained by defendant, defendant pleaded *non cepit* and *non detinet*, and certain amended special pleas to the effect that the plaintiff's close joined the defendant's close; that plaintiff's said cattle broke through a good and lawful division fence in good repair, which defendant was then and there keeping and maintaining, and were in defendant's close without his consent, eating crops and doing damage to defendant; and that defendant distrained said cattle for said damages and the costs and expenses by him incurred in taking up and keeping said cattle, as he lawfully might. Plaintiff replied that said portion of said division fence through which said cattle broke and entered defendant's close was not a good and lawful fence and in good repair. The trial was really upon this issue. The jury found for plaintiff. A motion for a new trial was denied, plaintiff had judgment, and defendant appeals.

Appellant's main contention is that the evidence did not justify the jury in finding that said division fence was not a lawful fence in good repair. We have considered the testimony, and find that there was a great conflict in the evidence upon this point. Some of appellee's witnesses were not as near to appellant's fence as were some of appellant's witnesses. Yet appellee's witnesses' testified of conditions they said they actually saw, and the fence was near enough to the highway so that we cannot say that the witnesses who spoke from what they saw of the fence as they drove along the highway ought not to be believed. It was the peculiar province of the jury, who saw the witnesses and heard their testimony, to determine which were the more worthy of credit. It was the province of the trial judge to set aside that finding, if, in his judgment, it was clearly not supported by the greater weight of the testimony, and so unwarranted as to indicate that the jury were governed by prejudice. We do not feel justified in disturbing the conclusion reached by the jury and trial

judge as to the weight of the testimony. It is argued the court erred in permitting witnesses to state the condition of the fence too long before and after the date when the cattle broke through. Upon examining all the testimony upon that subject, we conclude the court committed no reversible error in that respect of which appellant can complain.

It is urged that certain instructions given for appellee ignored the issues raised upon the pleas of *non cepit* and *non detinet.* The testimony on both sides showed that the cattle belonged to appellee, and that appellant refused to deliver them to appellee till he was paid one dollar per head for the damages the cattle had done. This was an unlawful detention, unless appellant's fence through which the cattle broke was a lawful fence, in good repair, and the instructions in question fully recognized that defense. There was no error in assuming that which was undisputed in proof. It is urged that certain instructions for appellee erroneously required " a good and sufficient fence," when they should have required " a lawful fence." The words quoted were not all the instructions contained. They required " a good and sufficient fence, as defined in these instructions." Another instruction correctly defined what was in law a legal and sufficient fence, and the instructions complained of necessarily referred the jury to that instruction, and the jury could not have understood that a good and sufficient fence meant anything else than the fence which, in another instruction, was described to them and said to be in law legal and sufficient. Complaint is made that the court refused an instruction requested by appellant, to the effect that appellant was not bound to maintain such a fence as would turn extraordinarily breachy animals. The jury were instructed, at the request of appellant, that if animals broke into an enclosure surrounded by a fence of the height and sufficiency prescribed by law as defined by the instructions, the owner of the enclosure had a right to take the trespassing animals into possession, and keep the same till his damages and reasonable charges

were paid, if he gave the owner the statutory notice; and also that if appellant's fence was a lawful fence, in good repair and sufficient to turn ordinary stock, then the cattle were wrongfully upon appellant's land, and he had a right to distrain them. In view of these instructions the court did not err in refusing the instructions in regard to extraordinarily breachy animals. We are of opinion the record does not contain reversible error, and the judgment is therefore affirmed.

*Affirmed.*